TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

ON MOTION FOR REHEARING

NO. 03-95-00238-CR

Leonard Lanier, Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT

NO. 0944611, HONORABLE CHARLES CAMPBELL, JUDGE PRESIDING

PER CURIAM

 In his motion for rehearing, appellant complains that we did not address his fifth
point of error, by which he urged that the district court did not give the statutory instruction on
the law of good time and parole mandated by article 37.07, section 4(a). Tex. Code Crim. Proc.
Ann. art. 37.07, § 4(a) (West Supp. 1996). We combined our discussion of this point with our
discussion of point of error six, by which appellant urged that the failure to give the statutory
instruction constituted fundamental error. We combined the two points because, in effect, they
presented the same contention, a point we thought was made by our citation of Abdnor v. State,
871 S.W.2d 726, 731-32 (Tex. Crim. App. 1994), and Almanza v. State, 686 S.W.2d 157, 171
(Tex. Crim. App. 1985) (opinion on rehearing).

 So that there is no misunderstanding, we quote the cited passage from Abdnor on
which our determination of points of error five and six was based:

 An erroneous or incomplete jury charge . . . does not result in
automatic reversal of a conviction. Tex. Code Crim. Proc. Ann. art. 36.19
prescribes the manner of appellate review for jury charge error. [Citing Almanza.] 
When reviewing charge errors, an appellate court must undertake a two-step
review: first, the court must determine whether error actually exists in the charge,
and second, the court must determine whether sufficient harm resulted from the
error to require reversal. [Citing Almanza.] The standard to determine whether
sufficient harm resulted from the charging error to require reversal depends upon
whether appellant objected. . . . [W]here the error is urged for the first time on
appeal, a reviewing court will search for "egregious harm." [Citing Almanza.]

871 S.W.2d at 731-32 (footnote and citations omitted). Because appellant did not object to the
district court's failure to give the mandatory parole instruction (point five), the error called for
reversal only if it was egregiously harmful (point six). Because we concluded that the omission
of the instruction did not result in egregious harm, we overruled both points of error.

 We find the other contentions made in the motion for rehearing to be without merit. 
The motion for rehearing is overruled.

Before Chief Justice Carroll, Justices Aboussie and Kidd

Motion for Rehearing Overruled

Filed: July 31, 1996

Do Not Publish